**Tony ALOI, Plaintiff,**

v.

**Terry COLLINS, et al., Defendants.**

**No. 92 CV 2603.**

United States District Court, N.D. Ohio, Eastern Division.

Jan. 2, 1996.

Tony Aloi, Grafton, OH, pro se.

Timothy J. Mangan, Theresa L. Phillips, Office of the Attorney General, Columbus, OH, for defendants.

### MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before the Court upon Plaintiff's Motion for Recusal (Doc. # 43). For the reasons set forth below, Plaintiff's motion is DENIED.

### I.

Plaintiff, Tony Aloi, filed the present *pro se* action on December 12, 1992, alleging various violations of his civil rights by Defendant, Terry Collins, and numerous other prison officials in violation of 42 U.S.C. § 1983. The case was originally assigned to Chief Judge George White. On December 1, 1994, pursuant to the protocol for the creation of a new docket, the case was re-assigned to Judge Kathleen M. O'Malley. Thereafter, on July 12, 1995, pursuant to the protocol for the creation of a new docket, Judge O'Malley re-assigned the case to Judge Donald C. Nugent.

By way of Order, the Court notified both parties of a status conference set for August 9, 1995. The Court ordered the parties to submit status reports to the Court by August 7, 1995. On August 9, 1995, the Court held the conference in order to determine the status of the present case. Assistant Attorney General Timothy Mangan participated by phone. Due to his incarceration, Plaintiff did not participate in the status conference. However, Plaintiff's Status Report was filed and received by the Court on August 18, 1995. On August 21, 1995, the Court responded, by way of marginal entry, to Plaintiff's Motion to Clarify (Doc. # 38) by informing Plaintiff that the case was transferred from Judge Kathleen M. O'Malley to Judge Donald C. Nugent.

In the present motion, Plaintiff contends that this Court has not acted in an impartial manner in violation of 28 U.S.C. § 455 by holding the status conference without the actual participation of Plaintiff. In addition, Plaintiff's Motion states that the Court has denied the Plaintiff his "day in court" by transferring the case to this Court's docket.

28 U.S.C. § 455 lists the circumstances in which a justice, judge or magistrate should disqualify himself from a proceeding. 28 U.S.C. § 455 lists, in pertinent part, the following:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455 is straightforward, well established, and requires the judge to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U.S. v. West*, 25 F.3d 1052, 1994 WL 256689 (6th Cir.1995).

In the present case, the Plaintiff's complaint centers around the status call arranged by this Court and the re-assignment of his case to this Court. This Court is cognizant of the Plaintiff's concern regarding the status of his case and all others to which this Court was assigned. As such, the most efficient manner to familiarize and manage the docket was to require status reports and status conferences to be submitted on all of the newly assigned cases. No prejudice arose from the Plaintiff's absence from the status conference. The only purpose of the status conference was for the Court to understand the procedural standing of the case. Therefore, the Court finds no reason to disqualify itself pursuant to the mandates of 28 U.S.C. § 455.

## II.

For the foregoing reasons, Plaintiff's Motion to Recuse (Doc. # 43) is DENIED.

IT IS SO ORDERED.